IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2006 JUL 18  P 12: 09

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| STINNETT GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06CV634 |
| | ) |
| AUTO OWNERS INSURANCE, and | ) |
| X, Y, and Z, either business entities | ) |
| or individuals whose names are | ) |
| otherwise unknown but will be | ) |
| substituted by amendment when | ) |
| ascertained, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 2201 Defendant designated in the above styled action as Auto Owners Insurance (a trade name), whose true and correct name is Owners Insurance Company (hereinafter referred to as "Owners Insurance"), and who is a member of the Auto-Owners Insurance group of companies, hereby gives notice of removal of this action from the Circuit Court of Coffee County, Alabama, Enterprise Division, to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for this removal, Owners Insurance states as follows:

1.    On or about May 16, 2006, Plaintiff, Stinnett Group, LLC, commenced an action in the Circuit Court of Coffee County, Alabama, Enterprise Division, styled Stinnett Group, LLC, v. Auto Owners Insurance, et als., Civil Action No.: CV-06-127. Service of process on Defendant Auto Owners Insurance of a summons and the complaint by certified mail was purportedly issued by the Circuit Court of Coffee County, Alabama, Enterprise Division on or about May 16, 2006, but was returned undeliverable on or about

June 6, 2006. Service of the summons and complaint on Defendant Auto Owners Insurance by personal service was reissued on or about June 20, 2006 and was served on Defendant on June 26, 2006.

2.     Defendant Owners Insurance first received a copy of the initial pleading setting forth the claims for relief by personal service with the summons and complaint on June 26, 2006.

3.     True and correct copies of all process, pleadings and orders served upon Defendant in said action are attached hereto and marked as Exhibit "1" and made a part hereof in accordance with 28 U.S.C. §1446(a).

4.     Pursuant to 28 U.S.C. §1446(b) Defendant has thirty days from the receipt by the Defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, to remove a case. 28 U.S.C. §1446(b). This notice of removal is filed within thirty days after service on Defendant was reissued on June 20, 2006, and within thirty days after Owners Insurance first received Plaintiff's complaint on June 26, 2006; therefore, this removal is timely filed pursuant to 28 U.S.C. §1446(b) and Rule 6(a) of the *Federal Rules of Civil Procedure*.

5.     Defendant designated in the above styled action as Auto Owners Insurance (a trade name), whose true and correct name is Owners Insurance Company, and who is a member of the Auto-Owners Insurance group of companies, is the only Defendant named in the lawsuit; therefore, all named Defendants have joined in this notice of removal. Plaintiff has also named numerous fictitious Defendants in the complaint. For purposes of removal, the citizenship of Defendants sued under fictitious names shall be disregarded. 28 U.S.C. §1441(a).

2

6.    In accordance with 28 U.S.C. §1446(b), a copy of this notice of removal is being filed with the clerk of the Circuit Court of Coffee County, Alabama, Enterprise Division.  A copy of the notice of filing of notice of removal is attached hereto as Exhibit "2".

7.    This action is hereby removed by Defendant from the Circuit Court of Coffee County, Alabama, Enterprise Division to the United States District Court for the Middle District of Alabama, Southern Division, as the district court of the United States for the district and division embracing the place where such action was pending. See, 28 U.S.C. §81(b)(2) and 28 U.S.C. §1446(a). Thus, venue is proper in the United States District Court for the Middle District of Alabama, Southern Division.

### FEDERAL DIVERSITY JURISDICTION

### COMPLETE DIVERSITY

8.    Plaintiff, Stinnett Group, LLC (Stinnett Group), is an Alabama limited liability company, with its principal place of business in Enterprise, Alabama.  (See, Complaint at ¶ 1). Stinnett Group, LLC.,  is not formed or organized under the laws of the State of Ohio or Michigan and does not have its principal place of business in the State of Ohio or Michigan.  The members of Stinnett Group, LLC, are Kenneth D. Stinnett, Judi L. Stinnett, Slade P. Stinnett, Shannon S. Bradley and Michael H. Farr, who are each believed to be resident citizens of the State of Alabama, and none of whom are resident citizens of the State of Ohio or Michigan. Thus, Plaintiff is for diversity  purposes a resident citizen of the State of Alabama, and is not for diversity purposes a resident citizen of the State of Ohio or Michigan.

9.    Defendant Owners Insurance Company, who is incorrectly identified in the

3

complaint as Auto Owners Insurance, is not organized or incorporated in the State of Alabama and it does not have its principal place of business in the State of Alabama. Owners Insurance Company is a stock insurance company incorporated and organized under the laws of the State of Ohio with its principal place of business in the State of Ohio. Defendant designated in the above styled action as Auto Owners Insurance (a trade name) whose true and correct name is Owners Insurance Company, and who is a member of the Auto-Owners Insurance group of companies, is the insurance company that issued the subject policy of insurance to Stinnett Group, LLC. Auto-Owners Insurance Company is also one of the Auto-Owners Insurance group of insurance companies; however, the subject insurance policy is not an Auto-Owners Insurance Company insurance policy. Auto-Owners Insurance Company is incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan. Auto-Owners Insurance Company did not issue the subject insurance policy and would not be a proper party to this action. Auto Owners Insurance is not a legal entity and would not be a proper party to this action. Owners Insurance Company is the true and correct name of the Defendant identified in the complaint as Auto Owners Insurance. Thus, Defendant is for diversity purposes a resident citizen of the State of Ohio.

10. Plaintiff has also named numerous fictitious defendants in its complaint; however, for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded pursuant to 28 U.S.C. §1441(a). Therefore, there is complete diversity between Plaintiff and Defendant pursuant to 28 U.S.C. §1332(a)(1).

**AMOUNT IN CONTROVERSY**

11. In an action for declaratory relief, the amount in controversy is to be

4

determined by the "value of the object of the litigation" to the Plaintiff.  See, Hunt v. Washington State Apple A.D. Comm'n, 432 U.S. 333, 345 (1977); See also, Ericsson G.E. Mobile Communications, Inc. v. Motorola Communications &Electronics, Inc., 120 F. 3d 216, 218 (11th Cir. 1997).  Both the former Fifth Circuit and the Eleventh Circuit have considered the policy limits of an insurance policy in determining the value of the object of the litigation of a declaratory judgment action.  See, Stonewall Ins. Co. v. Lopez, 544 F. 2d 198 (5th Cir. 1976)[1]; see also, Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F. 3d 805, 808 (11th Cir. 2003).  Attached as Exhibit "3" to this notice of removal is a true and correct specimen copy of a declaration page of the Commercial General Liability coverage of the subject Owners Insurance policy issued to Stinnett Group, LLC, and which is the subject of Plaintiff's complaint.  The declaration page attached hereto as Exhibit "3" demonstrates that the limits of liability thereunder is one million dollars per occurrence. This amount, standing alone, is sufficient to establish the jurisdictional minimum herein. See, id.

12.    Furthermore, the pleadings herein and in the underlying action show on their face that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff Stinnett Group's complaint for declaratory judgment pertains to Defendant Owners Insurance's obligations under its insurance policy with regard to claims between Stinnett Group and Huff & Associates Construction Company, Inc., (Huff & Associates) in the action styled Stinnett Group, LLC, etc. v. Huff & Associates Construction

---

[1]In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Co., Inc., Civil Action No.: CV-04-797, pending in the Circuit Court for Lee County, Alabama. See, Exhibit "1" at Exhibit "A". The complaint filed by Stinnett Group in the underlying action in CV-04-797 and the counterclaim and amended counterclaim of Huff & Associates therein pertain to contractual disputes alleged to be in excess of $211,000.00. See, Exhibit "4" at ¶'s 4 and 6, Exhibit "5" and Exhibit "6". True and correct copies of the complaint, counterclaim and amended counterclaim in CV-04-597 are attached hereto as Exhibits "4", "5" and "6", respectively. Thus, the requirement that the amount in controversy exceed the sum or value or $75,000.00, exclusive of interest and costs is met. It is "facially apparent" and/or Owners Insurance has presented proof demonstrating that the claims are in excess of $75,000.00 exclusive of interest and costs. Moreover, the operative standard or burden upon Owners Insurance is merely to establish by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional minium. See, Bolling v. Union National Life Ins. Co., 900 F. 2d 400, 405 (M.D. 1995). Owners Insurance has also filed contemporaneously herewith its answer and counterclaim for declaratory relief and judgment which is adopted by reference herein and provides further evidence of satisfaction of the amount in controversy. See, Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 81 S. Ct. 1570 (1961). The Owners Insurance CGL coverage has limits of one million dollars which by itself satisfies the amount in controversy. See, Mckinnon Motors, 329 F. 3d at 808.

13.    Thus, under the pleadings and the facts before the Court, it is clear that the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs. Owners Insurance adopts by reference as if fully set forth herein the entire contents of its Answer and insurance policy forms filed contemporaneous with this notice.

6

14.     There is complete diversity of citizenship between the parties, and this Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. §1332.

15.     Because complete diversity of citizenship exists between the Plaintiff and the Defendant and because the requisite amount in controversy is present, this civil action may be removed to this Court pursuant to 28 U.S.C. § 1441.

16.     That the pending action is one which may be removed to this Court, and this Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446 within thirty days after receipt and service of Plaintiff's complaint.

17.     Defendant Owners Insurance by virtue of filing this Notice of Removal does not waive any defenses or objections available to it under law.

18.     A copy of this notice of removal is being served upon all counsel of record.

19.     A true and correct copy of this notice of removal is being filed with the Circuit Court of Coffee County, Alabama, Enterprise Division.  A copy of the notice of filing of notice of removal being filed with the Circuit Court of Coffee County, Alabama, Enterprise Division is attached hereto as Exhibit "2".

20.     A copy of all pleadings served upon this defendant have been attached to the original notice of removal.

**WHEREFORE**, Defendant, designated in the above styled action as Auto Owners Insurance(a trade name), whose true and correct name is Owners Insurance Company, and who is a member of the Auto-Owners Insurance group of companies, files this notice of removal so as to effect the removal of this action from the Circuit Court of Coffee County, Alabama, Enterprise Division to this court.  This defendant prays this Honorable

7

Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court.  Defendant Owners Insurance further prays that the removal of this cause to this court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Coffee County, Alabama, Enterprise Division.

Dated this the *18th* day of *July*, 2006.

ROGER S. MORROW (MOR032)

JOEL H. PEARSON(PEA019)
**Attorneys for Defendant Auto Owners Insurance, whose true and correct name is Owners Insurance Company**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P. C.**
**122 South Hull Street**
**P. O. Box 4804**
**Montgomery, Alabama 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:    (334) 262-7742**

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 18th day of July, 2006.

Hon. J. E. Sawyer, Jr.
203 S. Edwards Street
Enterprise, Alabama 36330

OF COUNSEL

9