# EXHIBIT "5"

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STINNETT GROUP, LLC,            )
d/b/a STINNETT HEATING          )
AND COOLING,                    )
                                )
    PLAINTIFF,                )
                                )
V.                              )          CASE NO.: CV-04-797
                                )
HUFF & ASSOCIATES               )
CONSTRUCTION CO., INC.,         )
                                )
    DEFENDANT.                )

## ANSWER

    COMES NOW the Defendant, Huff & Associates Construction Co., Inc., ("Huff"), and files this, their Answer to Plaintiff's ("Stinnett") Complaint.

    1. Huff admits the Plaintiff is an Alabama Limited Liability Company.

    2. Huff admits the allegations set forth in Paragraph #2 of the Plaintiff's Complaint.

    3. Huff admits the allegations set forth in Paragraph #3 of the Plaintiff's Complaint.

    4. Huff denies the allegations set forth in Paragraph #4 of the Plaintiff's Complaint and demands strict proof thereof.

    5. Huff admits the allegations set forth in Paragraph #5 of the Plaintiff's Complaint.

    6. Huff denies the allegations set forth in Paragraph #6 of the Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

    1. The Plaintiff's claim fails to state a claim upon which relief can be granted.

    2. The Plaintiff has failed to satisfy one or more conditions precedent to its contract to bring this action, and therefore Plaintiff has waived its Complaint against the Defendant.

    3. The Plaintiff's claim is barred in whole or in part by its failure to deliver goods in a timely manner and by delivering defective material. As a result of Stinnett's failure to timely and properly perform its contract additional costs may and have been incurred by Huff as a result of Stinnett's untimely performance pending final inspection acceptance by the owner.

    4. If it is determined that Stinnett is owed any amount pursuant to its contract with Huff, that

amount should be reduced by the damages incurred by Huff as a result of Stinnett's untimely delivery of equipment, or delivery of defective equipment and/or negligent work.

    5. Huff pleads the affirmative defense of waiver.

    6. Huff pleads the affirmative defense of release.

    7. Huff pleads the affirmative defense of credit and set-off.

## COUNTER CLAIM

COMES NOW Huff & Associates and asserts this Counter-Claim against Stinnett and states as follows:

    1. Stinnett is subject to the jurisdiction of this Court.

    2. Pursuant to the terms of the subcontract between Huff & Stinnett, Stinnett is liable to Huff for all damages incurred as a result of Stinnett's failure to complete its work or any portion thereof in accordance with the schedule of work, including but not limited to, liquidated damages, delay damages or other costs or damages imposed upon Huff by the owner.

    3. The subcontract requires Stinnett to indemnify, hold harmless and defend Huff and all of their agents or employees for any claims, damages, losses and expenses, including attorney's fees, arising out of or resulting from Stinnett's performance of its work under the subcontract.

    4. At this time, Stinnett has failed to properly perform under the terms of its contract and is in breach thereof.

    5. As a result of Stinnett's failure to perform under the terms of the contract, Huff has been damaged in an amount to be determined by the trier of fact and upon conclusion of the project.

    6. Huff is entitled to additional charges to the extent Huff incurs additional damages as a result of Stinnett's failure to perform in accordance with the terms of the subcontract, including but not limited to delay damages, liquidated damages, or other costs or damages imposed upon Huff by the owner plus Huff's costs, expenses, attorney's fees in defending this action.

    7. Huff has been required to supplement Stinnett's forces on this job and incur extra damages as a result of Defendant's failure to properly perform under the contract.

    8. Stinnett has not completed its work under the subcontract. Huff is entitled to recover from Stinnett all costs associated with completing Stinnett's work.

WHEREFORE, Huff prays that a judgment be entered in its favor and against Stinnett as follows:

1. Damages in the amount as shown by the evidence to have been incurred by Huff as a result of Stinnett's untimely performance and un-workmanlike performance in connection with the work under the subcontract;

plus any additional damages incurred by Huff, including but not limited to delay damages, liquidated damages or other costs and damages imposed upon Huff by the owner;

plus all costs incurred by Huff in completing Stinnett's work under the subcontract;

plus all costs, expenses and attorney's fees incurred by Huff in connection with this action; and such further and additional relief deemed just by this Court.

Respectfully submitted, this the 19th day of January, 2005.

JEFFREY G. TICKAL (TIC001)
Attorney for Huff & Associates
Gullage, Tickal, Lauderdale & Lauderdale, LLP
P.O. Box 230
Opelika, AL 36803-0230
(334) 749-5115

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following parties by placing a copy of the same in the United States mail, postage prepaid, on this the 24th day of January, 2005.

S. Sanford Holliday
Attorney at Law
P. O. Box 727
Roanoke, AL 36274

JEFFREY D. TICKAL  TIC001

Of Counsel:
GULLAGE, TICKAL, LAUDERDALE
& LAUDERDALE, LLP
Post Office Box 230
Opelika, AL 36803-0230