# EXHIBIT "6"

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| STINNETT GROUP, LLC, d/b/a STINNETT HEATING and COOLING, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO.: CV-04-797 |
| HUFF and ASSOCIATES CONSTRUCTION COMPANY, INC. ) ) ) | |
| Defendant/Counter Claimant, ) ) | |
| v. ) ) | |
| STINNETT GROUP, LLC, d/b/a STINNETT HEATING and COOLING, ) ) ) | |
| Counterclaim Defendant. ) | |

## AMENDED COUNTERCLAIM

COMES NOW Huff & Associates Construction Company, Inc. ("Huff") pursuant to ARCP 15 and amends its Counterclaim as follows:

### COUNT ONE: HANDLEY HIGH SCHOOL SUBCONTRACT

1. Stinnett entered into a Subcontract with Huff to perform work on the Handley High School Project.

2. Pursuant to the terms of the subcontract between Huff & Stinnett, Stinnett is liable to Huff for all damages incurred as a result of Stinnett's failure to complete its work or any portion thereof in accordance with the schedule of work, including but not limited to, liquidated damages, delay damages or other costs or damages imposed upon Huff by the owner.

3. The subcontract requires Stinnett to indemnify, hold harmless and defend Huff and all of their agents or employees for any claims, damages, losses and expenses, including attorney's fees, arising out of or resulting from Stinnett's performance of its work under the subcontract.

4. At this time, Stinnett has failed to properly perform under the terms of its contract and is in breach thereof.

5. As a result of Stinnett's failure to perform under the terms of the contract, Huff has been damaged in an amount to be determined by the trier of fact and upon conclusion of the project.

6. Huff is entitled to additional charges to the extent Huff incurs additional damages as a result of Stinnett's failure to perform in accordance with the terms of the subcontract, including but not limited to delay damages, liquidated damages, or other costs or damages imposed upon Huff by the owner plus Huff's costs, expenses, attorney's fees in defending this action.

7. Huff has been required to supplement Stinnett's forces on this job and incur extra damages as a result of Defendant's failure to properly perform under the contract.

8. Stinnett has not completed its work under the subcontract. Huff is entitled to recover from Stinnett all costs associated with completing Stinnett's work.

WHEREFORE, Huff prays that a judgment be entered in its favor and against Stinnett as follows:

Damages in the amount as shown by the evidence to have been incurred by Huff as a result of Stinnett's untimely performance and un-workmanlike performance in connection with the work under the subcontract;

plus any additional damages incurred by Huff, including but not limited to delay damages, liquidated damages or other costs and damages imposed upon Huff by the owner;

plus all costs incurred by Huff in completing Stinnett's work under the subcontract;

plus all costs, expenses and attorney's fees incurred by Huff in connection with this action; and such further and additional relief deemed just by this Court.

## COUNT TWO: KA HOUSE

9. Stinnett entered into a Subcontract with Huff to perform work on the KA House Project.

10. Pursuant to the terms of the subcontract between Huff & Stinnett, Stinnett is liable to Huff for all damages incurred as a result of Stinnett's failure to complete its work or any portion thereof in accordance with the schedule of work, including but not limited to, liquidated damages, delay damages or other costs or damages imposed upon Huff by the owner.

11. The subcontract requires Stinnett to indemnify, hold harmless and defend Huff and all of their agents or employees for any claims, damages, losses and expenses, including attorney's fees, arising out of or resulting from Stinnett's performance of its work under the subcontract.

12. At this time, Stinnett has failed to properly perform under the terms of its contract and is in breach thereof.

13. As a result of Stinnett's failure to perform under the terms of the contract, Huff has been damaged in an amount to be determined by the trier of fact and upon conclusion of the project.

14. Huff is entitled to additional charges to the extent Huff incurs additional damages as a result of Stinnett's failure to perform in accordance with the terms of the subcontract, including but not limited to delay damages, liquidated damages, or other costs or damages imposed upon Huff by the owner plus Huff's costs, expenses, attorney's fees in defending this action.

15. Huff has been required to supplement Stinnett's forces on this job and incur extra damages as a result of Defendant's failure to properly perform under the contract.

16. Stinnett has not completed its work under the subcontract. Huff is entitled to recover from Stinnett all costs associated with completing Stinnett's work.

WHEREFORE, Huff prays that a judgment be entered in its favor and against Stinnett as follows:

Damages in the amount as shown by the evidence to have been incurred by Huff as a result of Stinnett's untimely performance and un-workmanlike performance in connection with the work under the subcontract;

plus any additional damages incurred by Huff, including but not limited to delay damages, liquidated damages or other costs and damages imposed upon Huff by the owner;

plus all costs incurred by Huff in completing Stinnett's work under the subcontract;

plus all costs, expenses and attorney's fees incurred by Huff in connection with this action; and such further and additional relief deemed just by this Court.

Respectfully submitted, this 28th day of May, 2005

_____
JEFFREY G. TICKAL (TIC001)
Attorney for Huff & Associates
Gullage, Tickal, Lauderdale and Lauderdale, LLP
PO Box 230
Opelika, AL 36801
334-749-5115

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing notice upon the following parties by placing a copy of the same in the United States mail, postage prepaid, on this the 28th day of May, 2005.

S. Sanford Holliday
PO Box 727
Roanoke, Alabama 36274

_____
JEFFREY G. TICKAL