IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STINNETT GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:06CV634 |
| ) | |
| AUTO OWNERS INSURANCE, and ) | |
| X, Y, and Z, either business entities ) | |
| or individuals whose names are ) | |
| otherwise unknown but will be ) | |
| substituted by amendment when ) | |
| ascertained, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF AND JUDGMENT OF OWNERS INSURANCE COMPANY, INCORRECTLY NAMED IN THE COMPLAINT AS AUTO OWNERS INSURANCE

**COMES NOW**, Defendant designated in the above styled action as Auto Owners Insurance (a trade name), whose true and correct name is Owners Insurance Company (hereinafter "Owners Insurance"), who is a member of the Auto-Owners Insurance group of companies, by and through the undersigned counsel and answers Plaintiff's complaint for declaratory judgment as follows:

### RESPONSES TO AVERMENTS OF THE COMPLAINT

1.   In response to paragraph 1 of the complaint, Owners Insurance, on information and belief, admits that Stinnett Group, LLC is an Alabama limited liability company whose principal place of business is located in Enterprise, Alabama.

2.   In response to paragraph 2 of the complaint, Defendant Auto Owners Insurance, whose true and correct name is Owners Insurance Company, denies that Auto

Owners Insurance is an insurance entity doing business in the State of Alabama; however, Defendant admits that Owners Insurance Company is a foreign insurance company licensed to do business in the State of Alabama. Defendant Owners Insurance further avers that Auto-Owners Insurance is a trade name and Owners Insurance Company is a member of the Auto-Owners Insurance group of companies.

3. Defendant Owners Insurance has insufficient information upon which to either admit or deny the allegations contained in paragraph 3 of Plaintiff's complaint and, therefore, Defendant denies the same and demands strict proof thereof.

4. Defendant Owners Insurance admits the allegations contained in paragraph 4 of Plaintiff's complaint.

5. In response to paragraph 5 of Plaintiff's complaint, Defendant, whose true and correct name is Owners Insurance Company, admits that Defendant denied coverage to Plaintiff for certain claims against Plaintiff in the underlying action CV-04-797. Defendant denies each and every other material allegation contained in paragraph 5 of Plaintiff's complaint which is not expressly admitted herein and demands strict proof thereof.

6. Defendant Owners Insurance denies each and every material allegation contained in paragraph 6 of Plaintiff's complaint and demands strict proof thereof.

**GENERAL DENIAL**

7. Defendant Auto Owners Insurance, whose true and correct name is Owners Insurance Company, denies each and every other allegation contained Plaintiff's complaint not expressly admitted in this answer and demands strict proof thereof. Defendant denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES AND OTHER AVERMENTS

8. Plaintiff's complaint fails to state a cause of action against this Defendant upon which relief can be granted.

9. Defendant denies that Plaintiff is entitled to the relief requested in its complaint.

10. Defendant pleads misnomer and that its true and correct legal name is not identified in the complaint.

11. Defendant avers that Plaintiff's complaint is due to be dismissed based upon insufficiency of process and/or insufficiency of service of process.

12. Defendant asserts as a defense to Plaintiff's complaint the entire terms, conditions, limitations, provisions and exclusions contained its policy of insurance (Policy No.: 974617-38166390), of which true and correct specimen copies of excerpted portions of the applicable CGL coverage forms and endorsements are attached hereto as Exhibit "1" and adopted by reference and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

13. Defendant Owners Insurance denies, without limitation, that it owes insurance coverage to Plaintiff.

14. Plaintiff is estopped from asserting coverage under the subject Owners Insurance policy.

15. Plaintiff has failed to meet its burden of proving coverage under the subject insurance policy.

16. Owners Insurance denies, without limitation, that it owes insurance coverage to Stinnett Group and denies that its policy applies to the allegations, damages, and claims

made in the counterclaim, as amended, filed in the underlying action (CV-04-797) for, *inter alia*, the following reasons:

    a.) The Commercial General Liability coverage contained in the policy (CG00011188) only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period. Further, the insurance applies to "bodily injury" and "property damage" only if caused by an "occurrence" that takes place in the "coverage territory". Because of those policy provisions, the counterclaim in CV-04-797 appears to allege claims or seek damages that are not covered by the Owners Insurance policies.

    b.) Owners Insurance's Commercial General Liability coverage only provides coverage for damages the insured is legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the policy applies as defined and limited in the particular coverage contained in the policy. Damages claimed in the counterclaim in CV-04-797 are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of bodily injury, property damage, personal injury or advertising injury as defined by Owners Insurance's policy of insurance and are not covered by the Owners Insurance policies.

    c.) The Commercial General Liability coverage contained in the Owners

Insurance policies requires that damages because of property damage or bodily injury be caused by an occurrence. Occurrence is defined in the Commercial General Liability coverage as being an "accident". The counterclaim includes claims that do not allege an occurrence as defined in the Owners Insurance policies.

d.) The counterclaim in CV-04-797 does not appear to allege an occurrence causing property damage or bodily injury that would be covered under the products-completed operations hazard coverage nor does the complaint allege sudden or accidental physical injury to the property which is the subject of this lawsuit.

e.) The counterclaim in CV-04-797 seeks damages for breach of contract. The Commercial General Liability coverage of the Owners Insurance policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract". Further, Owners Insurance's policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage. The Commercial General Liability coverage also contains a contractual liability exclusion [exclusion 2.b., Contractual Coverage Amendatory Endorsement 55069 (1-88)].

f.) The counterclaim does not allege an advertising or personal injury offense; therefore, the complaint does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Owners Insurance

    Tailored Protection policies contains exclusions which could be applicable to some or all of the claims alleged in CV-04-797 even if an advertising injury or personal injury, as defined in the policy, was alleged.

  g.) Alternatively, and to the extent the counterclaim in CV-04-797 may be construed by the Court to allege property damage, exclusions j(6), k, l, m and/or n contained in Section I, Coverage A (Bodily Injury and Property Damage liability) of the Commercial General Liability coverage contained in the Owners Insurance policies appear applicable to exclude coverage.

  h.) The counterclaim in CV-04-797 does not allege an advertising or personal injury offense; therefore, the counterclaim does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Commercial General Liability Coverage (CG0001) contains exclusions which could be applicable to some or all of the claims alleged in CV-04-797 even if an advertising injury or personal injury, as defined in the policy, was alleged.

 17. Defendants Owners Insurance and Auto-Owners pleads the equitable defense of estoppel.

 18. Plaintiff is estopped from asserting coverage under the Owners Insurance policies.

 19. Plaintiff has waived coverage under the subject insurance policies.

 20. Plaintiff has failed to meet its burden of proving coverage under the subject insurance policies.

 21. Plaintiff is barred from recovery under the doctrine of "unclean hands".

22. At the time of the filing of this Answer discovery is not yet complete; therefore, Defendant Owners Insurance reserves the right to supplement its Answer, consistent with all applicable orders of the Court, to assert such other defenses as may be revealed in discovery.

**WHEREFORE, THESE PREMISES CONSIDERED**, Defendant Owners Insurance, whose true and correct name is Owners Insurance Company, demands judgment be entered in its favor and that Plaintiff's complaint be dismissed with prejudice and that all costs of these proceedings including a reasonable attorney's fee be assessed against the Plaintiff.

## COUNTERCLAIM FOR DECLARATORY RELIEF AND JUDGMENT

**COMES NOW** Defendant/Counterclaim Plaintiff, Owners Insurance Company (hereinafter sometimes referred to as "Owners Insurance") and pursuant to Rule 13(a) of the *Federal Rules of Civil Procedure* and sets forth its counterclaim for declaratory relief and judgment against Plaintiff as follows:

### JURISDICTIONAL ALLEGATIONS

1. Defendant/Counterclaim Plaintiff, Owners Insurance Company (Owners Insurance) is a stock insurance company incorporated and organized under the law of the State of Ohio having its principal place of business in the State of Ohio. Owners Insurance is not incorporated or organized in the State of Alabama and does not have its principal place of business in the State of Alabama. Owners Insurance is authorized to do business in the State of Alabama.

2. Plaintiff/Counterclaim Defendant, Stinnett Group, LLC (Stinnett Group), is an

Alabama limited liability company, with its principal place of business in Enterprise, Alabama. Stinnett Group, LLC., is not formed or organized under the laws of the State of Ohio and does not have its principal place of business in the State of Ohio. The members of Stinnett Group, LLC, are Kenneth D. Stinnett, Judi L. Stinnett, Slade P. Stinnett, Shannon S. Bradley and Michael H. Farr, who are each believed to be resident citizens of the State of Alabama, and none of whom are resident citizens of the State of Ohio.

3.   This Honorable Court has jurisdiction of this counterclaim pursuant to Rule 13(a), *Federal Rules of Civil Procedure* and 28 U.S.C. §1367 and 28 U.S.C. §2201, et seq.

**FACTUAL ALLEGATIONS**

4.   Owners Insurance adopts by reference and realleges paragraphs 1 through 3 of the jurisdictional allegations section of this counterclaim for declaratory relief and judgment as if fully set forth herein.

5.   Owners Insurance is an insurance company that from 13 September 2004 to 13 September 2005 had in force an Owners Insurance policy of insurance issued to Stinnett Group, LLC. The Tailored Protection Policy of insurance contained a Commercial General Liability coverage (CGL) which provided certain insurance coverage, as defined and limited in the policy, against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage. Said CGL coverage contained a number of limitations, exclusions, conditions and terms. Attached as Exhibit "1" to this answer and counterclaim for declaratory relief and judgment are true and correct specimen copies of excerpted portions of the applicable CGL coverage forms and endorsements of the above-referenced Tailored Protection insurance policy (minus the declaration pages) for the policy

term 13 September 2004 to 13 September 2005. The entire contents of Exhibit "1" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

6. On or about November 19, 2004, Stinnett Group, LLC, (hereinafter "Stinnett Group") filed suit in the Circuit Court of Lee County, Alabama, styled <u>Stinnett Group, LLC v. Huff & Associates Construction Co., Inc.</u>, CV-04-797 (hereinafter sometimes referred to as "CV-04-797"). A true and correct copy of the complaint in CV-04-797 is attached hereto as Exhibit "2". On or about January 19, 2005, Defendant, Huff & Associates Construction Co., Inc. (hereinafter Huff & Associates), filed an answer to Stinnett Group's complaint which answer contained a counterclaim. A true and correct copy of the answer and counterclaim of Huff & Associates in CV-04-797 is attached hereto as Exhibit "3". The counterclaim of Huff & Associates in CV-04-797 alleged that Stinnett Group was liable to Huff & Associates for all damages incurred as a result of Stinnett Group's failure to complete work in accordance with a subcontract between Stinnett Group and Huff & Associates. The counterclaim filed by Huff & Associates alleges damages including but not limited to delay damages, liquidated damages, other costs or damages plus costs, expenses and attorney's fees. The specific allegations contained in the counterclaim filed by Huff & Associates in CV-04-797 are set forth in Exhibit "3" to this counterclaim for declaratory relief and judgment. Huff & Associates filed an amended counterclaim in CV-04-797 on or about May 23, 2005. A true and correct copy of the amended counterclaim of Huff & Associates in CV-04-797 is attached hereto as Exhibit "4". Count I of the amended counterclaim in CV-04-797 seeks damages incurred as a result of Stinnett Group's failure to complete work in accordance with a subcontract relating to the Handley

High School. Count II of the amended counterclaim in CV-04-797 seeks damages incurred as a result of Stinnett Group's failure to complete work in accordance with a subcontract relating to the K A House. The amended counterclaim filed by Huff & Associates in CV-04-797 demands judgment for damages including but not limited to delay damaged, liquidated damages, other costs and damages plus expenses and attorney's fees. The specific allegations contained in the amended counterclaim filed by Huff & Associates in CV-04-797 are set forth in Exhibit "4" to this answer and counterclaim for declaratory relief and judgment.

      7.     It is Owners Insurance's contention and position that its policy of insurance does not provide insurance coverage for all of the claims, damages and/or allegations asserted in the Huff & Associates counterclaim, as amended, in the underlying lawsuit, CV-04-797. Owners Insurance also contends that the claims, damages and/or allegations asserted or demanded in the counterclaim are excluded by the policy language, terms, conditions and/or exclusions contained in the policy, all of which are adopted by reference. Owners Insurance contends that it does not owe insurance coverage for a defense or indemnity for the following reasons, among others:

    a.)    The Commercial General Liability coverage contained in the policy (CG00011188) only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period. Further, the insurance applies to "bodily injury" and "property damage" only if caused by an "occurrence" that takes place in the "coverage

territory". Because of those policy provisions, the counterclaim in CV-04-797 appears to allege claims or seek damages that are not covered by the Owners Insurance policies.

b.) Owners Insurance's Commercial General Liability coverage only provides coverage for damages the insured is legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the policy applies as defined and limited in the particular coverage contained in the policy. Damages claimed in the counterclaim in CV-04-797 are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of bodily injury, property damage, personal injury or advertising injury as defined by Owners Insurance's policy of insurance and are not covered by the Owners Insurance policies.

c.) The Commercial General Liability coverage contained in the Owners Insurance policies requires that damages because of property damage or bodily injury be caused by an occurrence. Occurrence is defined in the Commercial General Liability coverage as being an "accident". The counterclaim includes claims that do not allege an occurrence as defined in the Owners Insurance policies.

d.) The counterclaim in CV-04-797 does not appear to allege an occurrence causing property damage or bodily injury that would be covered under the products-completed operations hazard coverage nor does the complaint allege sudden or accidental physical injury to the property which is the

11

subject of this lawsuit.

e.) The counterclaim in CV-04-797 seeks damages for breach of contract. The Commercial General Liability coverage of the Owners Insurance policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract". Further, Owners Insurance's policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage. The Commercial General Liability coverage also contains a contractual liability exclusion [exclusion 2.b., Contractual Coverage Amendatory Endorsement 55069 (1-88)].

f.) The counterclaim does not allege an advertising or personal injury offense; therefore, the complaint does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Owners Insurance Tailored Protection policies contains exclusions which could be applicable to some or all of the claims alleged in CV-04-797 even if an advertising injury or personal injury, as defined in the policy, was alleged.

g.) Alternatively, and to the extent the counterclaim in CV-04-797 may be construed by the Court to allege property damage, exclusions j(6), k, l, m and/or n contained in Section I, Coverage A (Bodily Injury and Property Damage liability) of the Commercial General Liability coverage contained in the Owners Insurance policies appear applicable to exclude coverage.

h.) The counterclaim in CV-04-797 does not allege an advertising or personal

injury offense; therefore, the counterclaim does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Commercial General Liability Coverage (CG0001) contains exclusions which could be applicable to some or all of the claims alleged in CV-04-797 even if an advertising injury or personal injury, as defined in the policy, was alleged.

8. Conversely, Stinnett Group is believed to contend that the Owners Insurance Company's policies of insurance cover some or all of the allegations, damages and/or actions contained in the counterclaim in CV-04-797, and Stinnett Group has demanded coverage for defense and indemnity. Due to the fact no coverage appears to exist for defense or indemnity, Owners Insurance has not assumed the defense of Stinnett Group and has filed this counterclaim for declaratory relief and judgment action seeking this Court's determination as to coverage.

9. Owners Insurance, therefore, avers that there exists between the parties a genuine controversy regarding whether there is coverage under the insurance policy in question and as to whether Owners Insurance is obligated to provide a defense or indemnity to Stinnett Group in the lawsuit and counterclaim filed by Huff & Associates and pending in the Circuit Court of Lee County, Alabama, Civil Action No. CV-04-797. Owners Insurance requests that the Court declare the rights, obligations and remedies of the parties herein.

**WHEREFORE,** these premises considered, Defendant/Counterclaim Owners Insurance Company prays that the Court, after hearing the evidence regarding the allegations of the complaint, will enter a final judgment which orders and declares as

follows:

A. That Defendant/Counterclaim Owners Insurance Company, does not owe insurance coverage to Stinnett Group under any coverage in any insurance policy issued by Owners Insurance Company for any of the claims or damages asserted in the counterclaim, as amended, filed by Huff & Associates in the Circuit Court of Lee County, Alabama, Civil Action No. CV-04-797.

B. That Defendant/Counterclaim Owners Insurance Company, does not have a duty to defend Stinnett Group and that Owners Insurance does not have a duty to pay any damages, judgment or settlement based on the events alleged in the counterclaim, as amended, filed by Huff & Associates in the Circuit Court of Lee County, Alabama, Civil Action No. CV-04-797.

C. That Defendant/Counterclaim Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Stinnett Group for any of the claims or damages set forth in the counterclaim, as amended, and lawsuit filed in the Circuit Court of Lee County, Alabama, Civil Action No. CV-04-797.

D. Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Defendant/Counterclaim Plaintiff Owners Insurance Company, to Stinnett Group.

E. That the Court grant such other, further, different or appropriate relief to which Defendant/Counterclaim Plaintiff, Owners Insurance Company, may be entitled under these premises considered.

Dated this the 18th day of July, 2006.

_____
ROGER S. MORROW (MOR032)

_____
JOEL H. PEARSON(PEA019)
Attorneys for Defendant Auto Owners Insurance, whose true and correct name is Owners Insurance Company

OF COUNSEL:

MORROW, ROMINE & PEARSON, P. C.
122 South Hull Street
P. O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:  (334) 262-7707
Facsimile:   (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 18th day of July, 2006.

Hon. J. E. Sawyer, Jr.
203 S. Edwards Street
Enterprise, Alabama 36330

_____
OF COUNSEL

15